UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00086-HBB

PANSY BALDRIDGE                                                              PLAINTIFF

VS.

T.J. SAMSON COMMUNITY HOSPITAL
And T.J. REGIONAL HEALTH                                            DEFENDANTS

<u>MEMORANDUM OPINION</u>
<u>AND ORDER</u>

Before the Court is the motion of Defendants T.J. Samson Community Hospital and T.J.

Regional Health to dismiss Plaintiff Pansy Baldridge's Complaint for lack of jurisdiction, DN 28.

Baldridge filed a Response in opposition at DN 31, Defendants' reply is at DN 32, and Baldridge

filed a sur-reply at DN 33.   For the foregoing reasons, Defendants' motion to dismiss is

**GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

<u>NATURE OF THE CASE</u>

This is a premises liability case.   Baldridge alleged that on July 7, 2023, while at the

Defendants' property she sustained a fall and injured her hip due to the Defendants' negligence

(DN 1, pp. 1-2).   She further alleged that both Defendants are Kentucky residents and that she is a

resident of Indiana (*Id.* at p. 1).   The case is before the Court solely under diversity of citizenship

jurisdiction.

<u>DEFENDANTS' MOTION</u>

Defendants have conducted Baldridge's discovery deposition, and argue her testimony

demonstrates that her domicile is Kentucky, rather than Indiana, and, as such, there is no diversity

of citizenship between the parties so as confer jurisdiction over the case on that basis. Defendants point to Baldridge's testimony that she moved to Indiana to live with her son for the purpose of obtaining surgery and it was her intention to return to Kentucky afterward (which she has) and not maintain permanent residence in Indiana (DN 28-1, pp. 1-3).

BALDRIDGE'S RESPONSE

Baldridge responds that it is unquestioned that she was living in Indiana at the time she filed her Complaint, and that domicile is determined at the time the action is commenced. She argues that "floating intentions to move elsewhere do not suffice to change domicile" and the Court therefore is not divested of jurisdiction because she moved back to Kentucky after the suit was commenced (DN 31-1, p. 1-2). She quotes *Gilbert v. David* in support of her position: "[i]f a person has moved to another place 'with the intention of remaining there for an indefinite period of time, and as a place of fixed domicile, it is to be deemed his place of domicile, *notwithstanding he may entertain a floating intention to return at some future period*.'" (DN 31-1, p. 5) (emphasis in original) (quoting *Gilbert v. David*, 235 U.S. 561, 569 (1915)).

In the alternative, should the Court agree that it lacks jurisdiction, she asks that the case be remanded to state court, rather than dismissal with prejudice as Defendants request (DN 31-1, p. 6).

DEFENDANTS' REPLY

Defendants contest that Baldridge offered any testimony which would support an argument that her residence in Indiana was anything more than transitory until she recovered from surgery. To the contrary, they argue her testimony made clear that it was always her intention to return to Kentucky (DN 32, pp. 1-3). Defendants also reject Baldridge's alternative proposal that, if the Court lacks jurisdiction to hear the case, that it be remanded to state court (*Id.* at pp. 3-5).

Defendants point out that the case was not removed to this Court under diversity of citizenship, rather it was filed in this Court as an original action and thus remand is not available under 28 U.S.C. §1447(c) (*Id.*).  To the contrary, Defendants observe that Fed. R. Civ. P. 12(h)(3) mandates the Court must dismiss the action if it determines at any time that it lacks subject matter jurisdiction (*Id.*).

## BALDRIDGE'S SUR-REPLY

LR 7.1(g) establishes that, upon the filing of a motion, the matter is submitted to the Court for decision after the filings of responses and replies, or the time for filing them expires. "Pleadings outside of this pattern are considered sur-replies, which are not authorized under the Federal Rules of Civil Procedure or the Local Rules.  Sur-replies can be filed with the permission of the Court, but such permission is only granted if the reply raises new arguments or evidence." *Qiu v. Anderson Cnty. High School*, No. 3:21-CV-00027-GFVT, 2022 U.S. Dist. LEXIS 83276, at *11-12 (E.D. Ky. May 9, 2022) (*citation omitted*).  Baldridge did not seek leave of Court to file a sur-reply.  Moreover, the Defendants' Reply only addressed the arguments Baldridge raised in her Response and did not raise new arguments or evidence.  "Generally speaking, sur-replies are 'highly disfavored, as they are usually a strategic effort by the nonmoving party to have the last word on the matter.'"  *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022) (*quoting Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 U.S. Dist. LEXIS 129519, at *14 (W.D. Ky. Aug. 2, 2019)).  For this reason, Baldridge's sur-reply will not be discussed or considered.

## DISCUSSION

Federal district courts have diversity jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1).  The

determination of a litigant's state citizenship for purposes of diversity jurisdiction is a matter of federal law. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Once a party's allegations of diversity are challenged, that party must prove by a preponderance of the evidence that diversity in fact exists. *Combs. v. T.J. Samson Cmty. Hosp.*, No. 1:05-CV-190-M, 2006 U.S. Dist. LEXIS 47526, at *9 (W.D. Ky. July 7, 2006).

The citizenship of a natural person is equated with her domicile, which in turn requires both physical presence in a state and either the intention to make her home there indefinitely or the absence of an intention to make her home elsewhere. *Lancaster v. Daymar Colleges Grp., LLC*, No. 3:11-CV-157, 2012 U.S. Dist. LEXIS 19946, at *11-12 (W.D. Ky. Feb. 15, 2012). "Thus, a person's citizenship or domicile is composed of an objective and subjective component." *Id.* at *12. The objective component is satisfied by showing a physical presence in the state. *Id.* However, because an individual can reside in one state, but be domiciled in another, the subjective component looks to a spectrum of indicia of domicile, such as current residence, voting registration, property ownership, payment of taxes, driver's licenses, bank accounts and employment. *Id.* at *13. "An objective showing of a person's place of residence is insufficient to establish his or her domicile without evidence of subjective intent to remain in a particular state." *Id.* at *13-14.

At the time of the accident, Baldridge was a resident of Kentucky, residing in Munfordville (DN 28-2, p. 7). Baldridge's testimony demonstrates her presence in Indiana at the time she filed her action was temporary while she sought medical treatment:

Q. So you currently live in Elizabethtown?

A. Yeah. Yes.

Q. Okay. And that happened over the weekend?

A.  Yes.

Q.  All right.  Well, welcome back to Kentucky.

A.  Thank you.  I've been up in Indiana for 15 months trying to get surgery again on my hip, so I'm just getting back home.

. . . .

Q.  And my understanding is you lived up in Indiana with your son?

A.  No.  I was just up there to get surgery.

Q.  Okay.  Who did you live with in Indiana, if anyone.

A.  Henry Clark.

Q.  Okay.  And who is Henry Clark?

A.  My son.

. . . .

Q.  Okay.  And how long did you stay up in Indiana with them?

A.   I think a total of 15 months.  We were waiting for me to get me [*sic*] appointment, getting my hip – getting in shape, or whatever it took 15 months.

(*Id.* at pp. 5, 8).  While in Indiana, Baldridge lived in her son's spare bedroom (*Id.* at p. 8).  Her testimony makes clear that she had no intention to reside in Indiana any longer than necessary to address her medical issue, and always intended to return to Kentucky:

Q.  Okay.  Had you always planned to come back to Kentucky eventually?

A.  Oh, Lord, yeah.

Q.  Okay.  You didn't want to live in Indiana for good?

A.  I lived there before, and I didn't like it then, didn't like it this time.

Q.  So you wanted to get back to Kentucky?

A.  That's right.

5

. . . .

Q.  How did you decide to go back to Elizabethtown instead of Munfordville or somewhere else?

A.  Because I love Elizabethtown.

(*Id.* at pp. 8, 9).  Although the Defendants only filed excerpts of her deposition testimony in the record in support of their motion, Baldridge has not supplied any additional portions of her deposition which she contends refute the Defendants' argument, nor has she filed an affidavit providing any factual dispute.

It is clear that Baldridge had far more than a "floating intention to return at some future period" to Kentucky (*see* DN 31, p. 5).  Her testimony demonstrates she had a definite intention to return to Kentucky as soon as her health permitted, and thus her temporary relocation to Indiana for that purpose did not constitute a change in domicile for purpose of diversity jurisdiction.  "Once domicile is established in one state, it is presumed to continue in existence, even if the party leaves the state, until adoption of a new domicile is proven.  A protracted absence from one's domicile does not establish a new domicile." *Combs*, 2006 U.S. Dist. LEXIS 47526, at *9.  There is no diversity of citizenship between the parties here, and the Court lacks jurisdiction.

As to Baldridge's request that the case be remanded to state court, where a case is brought originally in federal court, there is no means by which the Court can transfer the case to state court. *See Bingham v. Pancake*, No. 5:09-CV-00095, 2011 U.S. Dist. LEXIS 32487, at *3-5 (W.D. Ky. Mar. 25, 2011).  While dismissal of the Complaint is appropriate pursuant to Fed. R. Civ. P. 12(h)(3), the Defendants seek dismissal with prejudice.  "[A] dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522(6th Cir. 2004) (*quoting Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000)).  As the Court explained:

6

> The rationale behind this is that merely because one court does not have jurisdiction over a dispute does not necessarily mean that another court is precluded from properly exercising jurisdiction over the matter. Moreover, if a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case.

*Id.* at 523 (*quoting Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999)). Consequently, dismissal without prejudice is appropriate.

**WHEREFORE**, Defendants' motion to dismiss, DN 28, is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

November 6, 2025

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:      Counsel of Record